**MAHLER, Appellant,**

v.

**BAGS, INC., et al., Appellee.**

[Cite as *Mahler v. BAGS, Inc.,* 161 Ohio App.3d 266, 2005-Ohio-2685.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1083.

Decided May 27, 2005.

Erik G. Chappell, for appellant.

John J. McHugh III, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas in a declaratory judgment action filed by plaintiff-appellant, Andrew L. Mahler, to determine his partnership interest in defendant-appellee, BAGS, Inc. After a trial to the bench, the lower court held that Mahler held a 40 percent partnership interest in BAGS and that defendants-appellees, Harold Damrauer, John Duncan, and Douglas Welch, each held a 20 percent partnership interest in BAGS. From that judgment, Mahler assigns the following error:

{¶ 2} "A. There is no competent, credible evidence in the record to support the trial court's conclusion that Mahler purchased Weisberg's interest in BAGS, Inc. for the benefit of all parties, including appellees.

{¶ 3} "B. There is no competent, credible evidence that Mahler purchased the alleged interest of Nicolaidis in BAGS when he paid $100,000.00 and had the judgment assigned to him."

{¶ 4} In reaching its decision below, the trial court issued findings of fact and conclusions of law. The findings of fact were derived from the testimony and evidence submitted during the trial to the bench and are summarized as follows.

{¶ 5} On July 16, 1986, BAGS, Inc. was incorporated as an Ohio corporation. BAGS is an "S" corporation in which the profits and losses of the corporation are passed through and reported on the shareholders' individual tax returns. Its original shareholders were Samuel I. Weisberg, August J. Nicolaidis, William Baum, and Mahler, who each owned 25 shares of stock in BAGS, or a one-quarter interest each in all of the outstanding shares. Shortly thereafter, BAGS and William Baum, as general partners, and BAGS, as the original limited partner, formed Lucy's Limited Partnership ("Lucy's"), an Ohio limited partnership, for the purpose of opening and operating a restaurant on Airport Highway in Toledo, Ohio. Lucy's subsequently opened a restaurant known as Molly's on that property. Mahler was responsible for all of the financial aspects (i.e. the accounting, the financial operations, the cash flow, etc.) of Lucy's.

{¶ 6} On February 11, 1988, BAGS redeemed Nicolaidis's interest in the corporation pursuant to a stock-purchase agreement. In connection with that redemption, BAGS agreed to pay Nicolaidis a consulting fee of $71,800, which was

to be evidenced by a promissory note. Under that redemption agreement, payment on the promissory note was to be made at the same rate that Mahler or Baum received distributions or credits of any nature from BAGS as if Nicolaidis were an equal shareholder in BAGS. As a result of that redemption, only Mahler, Baum, and Weisberg remained as shareholders, with each owning 25 shares of BAGS.

{¶ 7} At the time of his acquisition of a one-quarter interest in BAGS, Mahler was a partner in the accounting firm of Lublin, Sussman, Rosenberg and Damrauer ("LSRD"). LSRD had a policy or practice requiring that partners in the firm be given the opportunity to participate in any business venture that any individual partner acquired.

{¶ 8} In late 1988 or early 1989, Mahler approached his LSRD partners and sought contributions to prevent a foreclosure of the real property owned by BAGS. Only appellees Damrauer, Duncan, and Welch agreed to invest in the enterprise. To prevent the foreclosure, Mahler, Damrauer, Duncan, and Welch each contributed $19,000 and agreed that they would then equally own Mahler's interest in BAGS.

{¶ 9} In January 1989, Mahler purchased Baum's 25 shares in BAGS for $1. Accordingly, Mahler and his LSRD partners then owned 50 outstanding shares of BAGS, and Weisberg owned the remaining 25 outstanding shares.

{¶ 10} In 1989, Molly's closed, and the real property was leased to Mountain Jack's restaurant, which remained at that location until February 2002.

{¶ 11} On June 30, 1991, Mahler left LSRD to start his own accounting firm. Prior to his departure, Damrauer demanded written confirmation of the parties' agreement with regard to the BAGS stock that was held in Mahler's name. On June 11, 1991, Mahler signed a letter, which reads: "This is to acknowledge that my interest in Lucy's Limited Partnership and Bags, Inc. is owned equally by Andrew L. Mahler, Harold E. Damrauer, John R. Duncan and Douglas J. Welch."

{¶ 12} In September 1991, Mahler had purchased Weisberg's 25 shares in BAGS for $100. Accordingly, all of the outstanding shares in BAGS were then titled in Mahler's name, although Mahler had a separate agreement with his former LSRD partners to share with them his interest in BAGS.

{¶ 13} In 1992, Nicolaidis attempted to collect the funds that BAGS owed him pursuant to the stock-purchase agreement. To that end, Damrauer, Mahler, and Nicolaidis met to discuss the issue. At that meeting, Nicolaidis agreed to surrender his promissory note for $71,800 in exchange for a 20 percent interest in BAGS. Mahler, Damrauer, Duncan, and Welch would then also each retain a 20 percent interest in BAGS. Mahler was supposed to arrange for the documenta-

tion of this transaction, but he failed to do so. When Mahler failed to provide the documentation evidencing their agreement, Nicolaidis filed suit against BAGS and obtained a default judgment against the company in August 1992. The judgment was in the amount of $71,800 plus interest at the rate of 10¼ percent accruing from February 1, 1992, until paid. Mahler did not inform the other partners of this judgment until early 2000, when Nicolaidis attempted to collect on the default judgment. To settle the matter, Mahler purchased Nicolaidis's judgment against BAGS for $100,000 in March 2000. There was, however, no transfer of interest in BAGS from Nicolaidis to Mahler.

{¶ 14} Mahler was the sole officer of BAGS and the sole member of its board of directors. He was in total and complete control of the transactions, activities, books, and records of the corporation. In that position, Mahler prepared the corporation's tax returns and issued Schedule K–1s to the shareholders of BAGS. K–1s are IRS forms that "S" corporations issue to their shareholders to pass the income, credits, and deductions of the corporation on to the shareholders. Prior to 1992, Mahler allocated 100 percent of BAGS's interest to himself. From 1992 to 1998, however, he allocated 25 percent of the interest in BAGS to himself, Damrauer, Duncan, and Welch each, although the outstanding BAGS shares were all titled in Mahler's name.

{¶ 15} In February 2000, Mahler notified Damrauer through a letter that he had mistakenly reported the BAGS ownership interest in the years 1992 to 1998 and that in fact, he, Mahler, owned a five-eighths interest in the BAGS shares, and Damrauer, Duncan, and Welch each owned a one-eighth interest in the BAGS shares. This was also the first time that Mahler had notified Damrauer of the default judgment that Nicolaidis had taken against BAGS. In a subsequent letter dated June 30, 2000, Mahler indicated that his interest was 50 percent of the BAGS shares and that Damrauer, Duncan, and Welch each owned 16.67 percent of the BAGS shares. In this letter, Mahler also notified Damrauer that he had since paid off Nicolaidis and had obtained an assignment of his judgment against BAGS. Mahler then indicated that the total amount due on the note, with accumulated interest and attorney fees, was $135,856 and demanded Damrauer's one-sixth share of this amount, or $22,643.

{¶ 16} On August 13, 2001, Mahler filed his complaint for declaratory relief against BAGS, Damrauer, Duncan, and Welch. Mahler sought a declaration from the court that he is the record owner of 37.5 shares, or 50 percent, of BAGS and that Damrauer, Duncan, and Welch each own 12.5 shares, or collectively the other 50 percent, of BAGS. Mahler also sought an order from the court that the corporate records of BAGS be corrected to reflect the proper ownership of the outstanding stock and that all unearned proceeds or dividends in BAGS be returned and redistributed. Along with that complaint, Mahler filed an applica-

tion for a charging order against BAGS's partnership interest in Lucy's, in which he demanded repayment of the judgment that he held against BAGS. The case proceeded to a trial at which Mahler and Damrauer testified. In addition, numerous documents were admitted into evidence. On March 9, 2004, the lower court issued an opinion with findings of fact and conclusions of law. The court determined that the four men had formed an oral partnership in the shares of BAGS that were nominally titled in the name of Andrew Mahler. The court further determined that the partnership began on June 11, 1991, that Mahler held a 40 percent partnership interest in BAGS, and that the remaining partners each held a 20 percent partnership interest in BAGS. The court reached this conclusion after finding that Mahler had purchased Weisberg's 25 shares on behalf of the partnership and that when Mahler purchased Nicolaidis's judgment against BAGS, he was purchasing the 20 percent interest in BAGS that Nicolaidis had agreed to accept in exchange for the promissory note in early 1992. In addition, the court held that because Mahler had acquired the Nicolaidis interest for himself, he was not entitled to a charging order against BAGS or its interest in Lucy's Limited Partnership. It is from that judgment that Mahler now appeals.

{¶ 17} Mahler's assignments of error essentially contend that the trial court's judgment was against the manifest weight of the evidence. The Supreme Court of Ohio has consistently held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris v. Foley Constr. Co* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. In reviewing an appeal under a manifest-weight standard, we must be further mindful that conclusions of the trier of fact enjoy a presumption of validity. *Hines v. Amole* (1982), 4 Ohio App.3d 263, 266, 4 OBR 480, 448 N.E.2d 473. The rationale for such a presumption was succinctly stated in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273, whereby the Supreme Court of Ohio stated: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶ 18} In light of these standards, we now turn to Mahler's specific arguments. In his first assignment of error, Mahler asserts that there was no competent, credible evidence to support the trial court's finding that he purchased the Weisberg interest in BAGS for the benefit of all of the parties.

{¶ 19} The record reveals that Mahler purchased Weisberg's 25 shares in BAGS in September 1991, approximately three months after leaving the LSRD

accounting firm. Mahler contends that because he purchased these shares after he left the accounting firm, he no longer had a fiduciary duty to his accounting partners to share his interest with them. He further asserts that because his letter of June 11, 1991, deals only with his interest in BAGS at that time, the evidence supports only a conclusion that he purchased the shares for himself and not for the partnership. Mahler's arguments belie the overwhelming facts on this issue. First, although Mahler left the accounting firm, he, Damrauer, Duncan, and Welch remained partners in their shared interest in BAGS, and so Mahler owed his partners the fiduciary duties attendant to that relationship regardless of the termination of his employment relationship with them. Secondly, Mahler purchased Weisberg's shares in BAGS from the bankruptcy trustee overseeing Weisberg's bankruptcy. In a letter to that trustee dated September 5, 1991, Mahler stated: "As a follow-up to my letter of June 17th and our telephone conversation of August 26th, please find enclosed a check for $100 for 25 shares, representing Mr. Weisberg's entire interest in BAGS, Inc." Accordingly, at the very least, Mahler was in negotiations to purchase Weisberg's shares in BAGS before he left the accounting firm on June 30, 1991. Furthermore, and most compelling, from 1992 until 1998, Mahler prepared tax returns for BAGS that stated, under penalty of perjury, that there were four shareholders in BAGS. He then provided those shareholders with Schedule K–1s, which indicated that they each held 25 percent of the outstanding stock in BAGS. It is inconceivable that Mahler, a certified public accountant, would purchase the Weisberg shares for himself and then mistakenly attribute their ownership to three additional shareholders. The trial court clearly did not find Mahler's explanation credible. We therefore conclude that the trial court's finding that Mahler purchased the Weisberg interest in BAGS for the benefit of all the partners was supported by competent, credible evidence, and the first assignment of error is not well taken.

{¶ 20} Appellant's second assignment of error is more troublesome. Therein, appellant asserts that there was no competent, credible evidence to support the trial court's finding that when he purchased Nicolaidis's judgment against BAGS for $100,000, he was actually buying Nicolaidis's 20 percent interest in BAGS. Mahler asserts that there is simply no evidence to support a conclusion that Nicolaidis owned a 20 percent interest in BAGS at the time of Mahler's purchase. We must agree.

{¶ 21} The trial court found that at the meeting in early 1992 between Mahler, Damrauer, and Nicolaidis, the three men agreed that Nicolaidis would exchange his promissory note for a 20 percent interest in BAGS and that Mahler would prepare the documentation for this transaction. The court further found that Mahler failed to prepare the necessary documents. Nevertheless, the court concluded that under "the applicable principles of equity," as of January 1992,

Mahler, Damrauer, Duncan, Welch and Nicolaidis were equal partners in Mahler's interest in BAGS and that when Mahler purchased Nicolaidis's judgment against BAGS in 2000, he was actually purchasing Nicolaidis's 20 percent of the partnership.

{¶ 22} The Ohio Uniform Partnership Law is codified at R.C. Chapter 1775 and sets forth Ohio's laws of partnership. As this court stated in *Opfer v. Arnold* (Mar. 11, 1988), 6th Dist. No. L–87–159, 1988 WL 30504, "Partnerships are unique entities in that the involved parties are relatively free to define for themselves the parameters of their relationship. It is not necessary that an agreement of partnership be in any particular form. The cornerstone of a partnership is that the parties, by mutual consent, have the ability to structure their relationship anyway they desire." Where, however, a partnership agreement is loosely structured or incomplete, courts must turn to the provisions of the Ohio Uniform Partnership Law to determine the rights of the parties when various issues arise. Id. In the present case, the only document evidencing the parties' partnership agreement is Mahler's letter of June 11, 1991, which states that the parties are equal partners in Mahler's interest in BAGS and Lucy's Limited Partnership.

{¶ 23} R.C. 1775.17 sets forth the rules for determining the rights and duties of partners and provides under paragraph (G): "No person can become a member of a partnership without the consent of all the partners."

{¶ 24} There is simply no evidence in the record from the trial court proceedings that Duncan and Welch consented to Nicolaidis's becoming a 20 percent partner in Mahler's BAGS shares after the 1992 meeting. Indeed, there is no evidence that would indicate the issue was ever discussed with them. Given that they would each be forfeiting five percent of their then interest in the partnership to allow Nicolaidis to become an equal partner, their consent to this arrangement was mandatory. The lower court determined that based on the applicable principles of equity, the five men were equal partners in the BAGS shares. The court based this conclusion on its finding that this was clearly the intent of Mahler, Damrauer, and Nicolaidis. R.C. 1775.04 provides, "In any case not provided for in sections 1775.01 to 1775.42, inclusive, of the Revised Code, the rules of law and equity * * * shall govern." Accordingly, a court may look to equitable principles to resolve issues not covered by R.C. 1775.01 to 1775.42. In the current case, however, R.C. 1775.17(G) does address the issue at hand and provides that no person can become a member of a partnership without the consent of all the partners. While we applaud the trial court's effort to create an equitable solution to a situation in which Mahler clearly violated fiduciary duties to his partners, there is simply no support for the court's conclusion that Nicolaidis owned a 20 percent interest in the partnership as of January 1992.

{¶ 25} Because Nicolaidis did not own a 20 percent interest in the partnership in January 1992, we must further conclude that Mahler's purchase of Nicolaidis's judgment against BAGS cannot be viewed as a purchase of 20 percent of the partnership. Accordingly, the second assignment of error is well taken.

{¶ 26} Having determined that there was support for the trial court's finding that Mahler bought Weisberg's shares for the entire partnership and that there was no support for the court's finding that Nicolaidis owned 20 percent of the partnership, which he then sold to Mahler, the only conclusion that can be reached based on the evidence before the trial court is that Mahler, Damrauer, Duncan, and Welch each held a 25 percent interest in 75 shares of BAGS. Nevertheless, the case must be remanded to the trial court for a redetermination of the effect of Mahler's purchase of Nicolaidis's judgment against BAGS on the partnership. In so doing, we direct the trial court's attention to R.C. Chapter 1775, and in particular to R.C. 1775.14(A)(2), which provides that partners are jointly, not jointly and severally, liable for the debts and obligations of the partnership. On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to that court for further proceedings consistent with this decision. The parties are ordered to pay their own court costs of this appeal.

Judgment reversed.

HANDWORK and SKOW, JJ., concur.