DECISION AND JUDGMENT ENTRY
{¶ 1} This is the second time that this case is before the court on appeal. An abbreviated statement of the facts, as set forth in our decision in Mahler v. BAGS, Inc., 161 Ohio App.3d 266, 2005-Ohio-2685, is as follows.
 {¶ 2} BAGS, Inc. ("BAGS") was incorporated as a Subchapter "S" corporation on July 16, 1986. The original shareholders were Samuel Weisberg, August J. Nicolaidis, [D1] William Baum, and appellee, Andrew L. Mahler. Each individual owned a one quarter interest in the outstanding shares of BAGS. Thereafter, BAGS and Baum, as general partners and BAGS as a limited partner, formed Lucy's Limited Partnership for the purpose of operating a restaurant in Toledo, Ohio.
 {¶ 3} In February 1988, BAGS redeemed Nicolaidis's shares "pursuant to a stock purchase agreement." Id. at ¶ 6. BAGS agreed to pay Nicolaidis $71,800 as a "consulting fee." This agreement was evidenced by a promissory note. Payment on the promissory note was supposed to be made as if Nicolaidis was still an equal shareholder in BAGS. The result of the redemption left appellee, Baum, and Weisberg as the only shareholders in BAGS.
 {¶ 4} At the time that he acquired his interest in BAGS, appellee was a partner in a public accounting firm. The firm had a practice "requiring that partners in the firm be given the opportunity to participate in any business venture that any individual partner acquired." Id. at ¶ 7. Either in late 1988 or in early 1989, appellee went to the partners in his firm and asked for contributions which would be used to prevent foreclosure on some of the property owned by BAGS. Three of the partners, appellants Harold Damrauer, John Duncan, and Douglas Welch invested in BAGS[1]. Appellants contributed $19,000 each and agreed that they and appellee would equally own appellee's shares in BAGS.
 {¶ 5} Appellee then purchased Baum's shares in BAGS. After this purchase, he and appellants owned 50 outstanding shares in BAGS and Weisberg owned the remaining 25 shares. In June 1991, appellee left his accounting firm to start his own firm. At that point, appellants demanded a written agreement demonstrating their interest in appellee's shares in BAGS. Appellee complied with this demand, signing a letter acknowledging that his shares in BAGS and interest in Lucy's Limited Partnership were owned equally by himself and appellants. In September 1991, appellee purchased Weisberg's shares in BAGS. Therefore, all of the outstanding shares in the corporation were nominally in appellee's name but, pursuant to the written agreement, were actually owned equally by the four men.
 {¶ 6} Subsequently, Nicolaidis sought to collect the $71,800 that BAGS owed him as the result of the redemption of his shares. He agreed to surrender his promissory note for a 20 percent interest in BAGS. Appellee was to document the transaction, but he failed to do so. Thereafter, Nicolaidis sued BAGS and was awarded a default judgment in the amount of $71,800 plus 10.25 percent interest commencing on February 1, 1992. In March 2000, appellee purchased the judgment against BAGS for $100,000. The transaction did not include any transfer of Nicolaidis's interest in BAGS.
 {¶ 7} Prior to 1992, appellee as the sole officer, sole member of the board of directors, and the individual who had complete control over the activities and records of the corporation, allocated, for federal income tax purposes, 100 percent of the interest in BAGS to himself. From 1992 to 1998, however, he allocated a 25 percent interest in Bags to himself and to each of the appellees. In February 2000, appellee informed Damrauer of the fact that he had mistakenly reported his BAGS ownership interest to the Internal Revenue Service for the years from 1992 to 1998. For the first time, he also notified Damrauer of the default judgment against BAGS.
 {¶ 8} Later in that same year, appellee sent a letter to Damrauer in which he asserted that he owned 50 percent of the shares in BAGS and that, therefore, appellants each owned a 16.67 percent interest in the corporation. Appellee informed Damrauer of the fact that he paid Nicolaidis and obtained an assignment of the judgment against BAGS. Appellee claimed that the total amount due on the note, with interest, was $135,856 and demanded Damrauer's share, $22,643.
 {¶ 9} On August 13, 2001, appellee filed a complaint against appellants and BAGS in which he asked the court to declare that he is the record owner of 50 percent of the shares in BAGS and that Damrauer, Duncan, and Welch collectively owned the other 50 percent of the shares. He further applied for a charge against BAGS' interest in Lucy's Limited Partnership, as BAGS' sole asset, for satisfaction of the judgment he held against the corporation.
 {¶ 10} After holding a bench trial, the trial judge found, as relevant to this appeal: (1) Damrauer, Duncan, Welch, and appellee "formed an oral partnership in the shares of BAGS that was nominally titled in the name of Andrew Mahler."; and (2) Appellee held a 40 percent interest in BAGS and appellants each held a 20 percent interest in BAGS. This conclusion was based upon a finding, under the principles of equity, that when appellee purchased the judgment against BAGS from Nicolaidis, he also purchased the latter's interest in BAGS.
 {¶ 11} Appellants appealed the trial court's judgment. Citing to and applying the pertinent provisions of R.C. Chapter 1775, Ohio's Uniform Partnership Act, we determined that that the principles of equity were not applicable to this cause. Id. at ¶ 24. We therefore held:
 {¶ 12} "Having determined that there was support for the trial court's finding that Mahler bought Weisberg's shares for the entire partnership and that there was no support for the court's finding that Nicolaidis owned 20 percent of the partnership, which he then sold to Mahler, the only conclusion that can be reached based on the evidence before the trial court is that Mahler, Damrauer, Duncan, and Welch each held a 25 percent interest in 75 shares of BAGS. Nevertheless, the case must beremanded to the trial court for a redetermination of the effect ofMahler's purchase of Nicolaidis's judgment against BAGS on thepartnership. In so doing, we direct the trial court's attention to R.C.Chapter 1775, and in particular to R.C. 1775.14(A)(2), which providesthat partners are jointly, not jointly and severally, liable for thedebts and obligations of the partnership." Id. at ¶ 26. (Emphasis ours.)
 {¶ 13} Upon our remand to the common pleas court, the trial judge applied R.C. 1775.14(A)(2) and determined, inter alia, that each partner/shareholder was jointly liable for 25 percent of the judgment against the corporation. Appellants appeal that judgment and assert the following assignments of error:
 {¶ 14} "The trial court erred prejudicially to appellants' interests in holding them personally liable for the debt of the corporation in which they were shareholders, by recharacterizing the corporate debt as a partnership obligation."
 {¶ 15} "The trial court erred prejudicially to appellants' interests in finding, without any factual record, that there were no assets to satisfy the judgment, thereby invading the limited liability available to the shareholders."
 {¶ 16} "The trial court erred prejudicially to appellant's interests in allowing a partner who breached his fiduciary interest to benefit to his other partners to benefit from his wrongdoing, and to retain his ill-gotten gains."
 {¶ 17} In their first assignment of error, appellants urge that the trial court erred by characterizing a corporate debt as a debt owed by the individual partners/shareholders. Appellee argues that the issue raised by appellants is beyond the scope of the sole issue on remand, specifically, the liability of each of the partner shareholders vis-à-vis the judgment against BAGS. For the following reasons, we must agree with appellants.
 {¶ 18} Appellee's complaint in the case before us requested only a declaration of the percentage of shares (that were nominally in appellee's name) that he, Damrauer, Duncan, and Welch held in BAGS. Appellee never asked the court below to determine the liability of appellants, who were his partners only in the number of their respective shares in BAGS, with regard to the judgment against that corporation. In order to reach its decision on appellants' complaint, the trial court was required to determine the effect of appellee's purchase of Nicolaidis's judgment against the corporation. As set forth infra, we determined that the trial court erred by applying the principles of equity to hold that the effect of that purchase also constituted a purchase of Nicolaidis's interest in BAGS. We then held that each of the members of the oral partnership owned 25 percent of the shares in BAGS. To that point, our decision was in accordance with the law and with the issues raised in appellee's declaratory judgment action.
 {¶ 19} Upon further analysis, however, we now realize that we interjected an issue, specifically, the liability of Damrauer, Duncan, and Welch on appellee's judgment against BAGS, that was not before the trial court. We then erroneously remanded this cause to the trial court for the purpose of determining the effect of appellee's "purchase of Nicolaidis's judgment against BAGS on the partnership" and directed the lower court's attention to R.C. 1775.14(A)(2). Contrary to our holding, the question of the partner/shareholder liability on a judgment against the corporation was never raised in this action. That question is one that must be determined in a separate suit brought to execute upon appellee's judgment. Therefore, while we cannot fault the trial court for following the mandate of this court, we must find appellants' first assignment of error well-taken. This finding renders appellants' second and third assignments of error moot.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas as it relates to the liability of Damrauer, Duncan, and Welch is reversed and this cause is remanded to the trial court for the sole purpose of vacating its January 10, 2006 journal entry and entering a judgment that reflects each partner's 25 percent interest in the shares of BAGS. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] BAGS is also an appellant in this cause. However, for the purposes of this appeal, the designation "appellants" refers only to Damrauer, Duncan, and Welch.